IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HOLLY L. THACKER, M.D.**<br>12135 Lyndway Drive<br>Valley View, Ohio 44125<br><br>**Plaintiff,**<br><br>vs.<br><br>**CUYAHOGA HEIGHTS BOARD OF EDUCATION**<br>4820 East 71st Street<br>Cuyahoga Heights, Ohio 44125<br><br>and<br><br>**CUYAHOGA HEIGHTS LOCAL SCHOOL DISTRICT**<br>4820 East 71St Street<br>Cuyahoga Heights, Ohio 44125<br><br>and<br><br>**THOMAS E. EVANS**<br>(In his official capacity as Superintendent of Cuyahoga Heights Local School District and as an Individual)<br>37469 Tail Feather Drive<br>North Ridgeville, Ohio 44039<br><br>and | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>**(With Jury Demand)** |

| | |
|---|---|
| **MELYNDA SCHUCKERT**<br>(As an Individual)<br>623 South Street<br>Brooklyn Heights, Ohio 44131<br><br>and<br><br>**KATHY A. MARTIN**<br>(As an Individual)<br>7780 Noddinghill Dr.<br>Walton Hills, Ohio 44146<br>and<br><br>**JOY CLICKENGER**<br>(In her official capacity as the former<br>Treasurer of Cuyahoga Heights Local<br>School District and as an Individual)<br>14425 Newton Road<br>Middleburg Heights, Ohio 44130<br><br>and<br><br>**DAVID WALLIS**<br>(In his official capacity as the IT<br>Director of Cuyahoga Heights Local<br>School District and as an Individual)<br>402 Nemet Drive<br>Seven Hills, Ohio 44131<br><br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Now comes Plaintiff, Holly L. Thacker, M.D., by and through her counsel, Michael J. Connick, and for her Complaint states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Holly L. Thacker, M.D. ("Dr. Thacker"), is a resident of Valley View, Cuyahoga County, Ohio.

2

2. The Cuyahoga Heights Board of Education ("BOE") is a political subdivision located and conducting business in Cuyahoga County, Ohio.

3. The BOE is a "person" for purposes of liability under both State and Federal Law.

4. The BOE is the body politic for the Cuyahoga Heights Local School District ("CHLSD") and is capable of being sued.

5. CHLSD is a 'political subdivision".

6. CHLSD is a "person" for purposes of liability under both State and Federal Law.

7. The BOE is responsible for the formulation and implementation of all official governmental policies, rules, regulations, and procedures for the district.

8. Defendant Thomas E. Evans ("Evans"), at all times pertinent hereto, was the Superintendent of Schools for Cuyahoga Heights. He is sued in both his personal capacity and official capacity as Superintendent of Schools. Individually and in his official capacity Defendant Evans permitted access to Dr. Thacker's emails. Defendant Evans permitted both official and unofficial access to Dr. Thacker's emails to help in the campaign to remove Dr. Thacker from her elected office.

9. Defendant Melynda Schuckert ("Schuckert") while a member of the BOE; is sued her in her individual capacity. Schuckert is at odds with Dr. Thacker and in her individual capacity has, through a campaign of intimidation, has attempted to force Dr. Thacker to resign and/or be removed from her position on the BOE.

10. Defendant Kathy A. Martin ("Martin") is a disgruntled former employee of CHLSD and has filed a whistleblowing complaint against some of the parties of this instant action in the case styled Kathy Martin v. Cuyahoga Heights Board of Education, et al., Case No. 1:16-CV-02449, Judge Dan Aaron Polster in the United States District Court for the Northern District of Ohio Eastern Division.

11. Defendant Joy Clickenger ("Clickenger") is the former Treasurer for the BOE and until her last day of employment was responsible for the proper dissemination of public records.  Clickenger had the requisite public record request training and was certified to disseminate public records appropriately.

12. Defendant David Wallis ("Wallis") is the IT Director for CHLSD and disseminated Dr. Thacker's private records removed from the BOE/CHLSD's computer servers in violation of State and Federal Law.

## COMMON ALLEGATIONS

13. Dr. Thacker incorporates by reference from the proceeding paragraphs as if fully rewritten herein.

14. Dr. Thacker is currently the President of the BOE elected to that role in January 2016 and has been on the BOE since January of 2010.  Prior to her first election to the BOE, Dr. Thacker's three, now adult, children attended and then graduated from CHLSD.  As a parent, she began emailing CHLSD around 2003.  In early 2011, Dr. Thacker brought evidence to the authorities which started the investigation in to a massive embezzlement scheme that resulted in federal convictions.  The clean-up of the CHLSD has resulted in back-lash against Dr. Thacker.

15. As a result of the clean-up after the massive embezzlement and the turnover of several BOE members, there has been a dysfunctional relationship between: individual BOE members and the then Superintendent of CHLSD, Defendant Evans. Defendant Evans was placed on paid administrative leave on August 2, 2016 to investigate several allegations against him; the prior CHLSD employee Defendant Martin; and the former BOE Treasurer Defendant Clickenger. Further dysfunction has been advance by sympathizers of the Cuyahoga Heights Association of Teachers' Union ("CHAT"). CHAT and Defendant Schuckert have called for the resignation of certain BOE members including Dr. Thacker. As a result of the political infighting between the BOE, the administration of CHLSD (Defendant Evans and Defendant Clickenger), and former and current employees of CHLSD (Defendant Martin and Defendant Wallis) there have been allegations leveled against various individuals

16. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis, individually, collectively and in their individual and official capacities engaged in a scheme to knowingly and intentionally disseminate to the public, information and documentation contained within CHLSD's electronic server which invaded the privacy of Dr. Thacker and constituted a violation of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g: 34 CFR Part 99; and a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

17. In January 2016 Defendant Schuckert made an initial request to Defendant Clickenger for the number of emails sent by or received by Dr. Thacker and others. Subsequently Schuckert made a public records request for all business related emails to

or from Dr. Thacker and others.

18. On or about February 3, 2016, Defendant Clickenger, on her last day of employment with CHLSD directed Defendant Wallis to collect the requested emails and to disseminate emails from 2003 and forward to the public at large without regard to the content or subject of the emails.

19. Defendant Wallis ran a search and collected all of the emails from Dr. Thacker and others that were contained in the BOE/CHLSD servers and created links which he then forwarded to Clickenger. None of the Defendants, in particular Wallis, Clickenger, or Evans complied with BOE Policy 8310 which requires "each request for public records shall be evaluated for response at the time it is made" it is of particular note that Defendant Evans intentionally failed to comply with BOE Policy 8310, which also provides in relevant part "the Superintendent is authorized to grant or refuse access to the records of this district in accordance with the law."

20. The Defendants individually and collectively in their official and individual capacities then proceeded to turn over all of the emails to Defendant Schuckert without any review whatsoever. As a lack of the review, Dr. Thacker's private emails, as a parent with children in CHLSD and which proceeded her being a member of the BOE by years were turned over to Schuckert who then turned the emails over to members of the public who were not entitled to them.

21. The conduct of the Defendants violated Dr. Thacker's privacy; and released personal information regarding her then minor children in violation of FERPA and in violation of HIPPA.

## COUNT ONE: VIOLATION OF 18 U.S.C. §2701 – STORED COMMUNICATIONS ACT

22. Dr. Thacker incorporates by reference from the proceeding paragraphs as if fully rewritten herein.

23. At all relevant times, the Stored Communications Act (18 U.S.C. § 2701 et. seq.) was in full force and effect and governed the accessing of facilities through which electronic communication service is provided.

24. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis knowingly, intentionally, and willfully accessed Dr. Thacker's emails on CHLSD/BOE server without authorization and obtained all electronic communications that ever touched the CHLSD and BOE server and were electronically stored therein. Defendants CHLSD and BOE are liable for Defendants Evans, Schuckert, Martin, Clickenger, and Wallis' actions under the theory of respondeat superior.

25. Defendants' actions violated 18 U.S.C. § 2701 and give rise to a claim under 18 U.S. Code § 2707.

## COUNT TWO: VIOLATION OF 18 U.S.C § 2511 – THE WIRE TAP ACT

26. Dr. Thacker incorporates by reference from the proceeding paragraphs as if fully rewritten herein.

27. At all relevant times, The Electronic Communications Privacy Act (18 U.S.C. §2510 et seq) was in full force and effect and governed the acquisition and disclosure of electronic communications transmitted by electronic communications servers.

28. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis intentionally intercepted, disclosed, and used Dr. Thacker's email communications.

29. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis intentionally intercepted Plaintiff's electronic communications without her consent thereby violating 18 U.S.C. § 2511(1)(a). Defendants CHLSD and BOE are liable for Defendants Evans, Schuckert, Martin, Clickenger, and Wallis' actions under a theory of respondeat superior.

30. Defendants conduct gives rise to claims under 18 U.S.C. § 2520, and/or under a theory of respondeat superior.

## COUNT THREE: INVASION OF PRIVACY

31. Dr. Thacker incorporates by reference from the proceeding paragraphs as if fully rewritten herein.

32. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis intentionally intruded upon the solitude and seclusion of Dr. Thacker's private affairs when they improperly accessed Dr. Thacker's emails.

33. Defendants' intrusions would be highly offensive to a reasonable person.

34. At all relevant times Defendants Evans, Schuckert, Martin, Clickenger, and Wallis intruded upon the solitude and seclusion of Dr. Thacker's private affairs, they were acting within the scope of their employment with Defendants CHLSD and BOE.

35. Defendants are liable under State and Federal law for invasion of the privacy of Dr. Thacker.

## COUNT FOUR: CIVIL CONSPIRACY

36. Dr. Thacker incorporates by reference from the proceeding paragraphs as if fully rewritten herein.

37. Defendant Evans, Schuckert, Martin, Clickenger, and Wallis agreed, conspired, reached a common understanding, and had the common purpose to unlawfully and without authorization obtain, share, and use Dr. Thacker's emails and attachments stored on CHLSD/BOE server.

38. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis unlawfully and without authorization acquired, shared, and used the above-referenced information in a furtherance of their common plan.

39. Defendants Evans, Schuckert, Martin, Clickenger, and Wallis' actions were unlawful, independently tortious, willful, wanton, and malicious, and were carried out for the purpose of harming Dr. Thacker.

40. As a direct and proximate result of the actions taken pursuant to Defendants Evans, Schuckert, Martin, Clickenger, and Wallis' unlawful conspiracy, Dr. Thacker has been damaged.

WHEREFORE, Dr. Thacker prays that judgment be entered in her favor and against the Defendants jointly and severally as follows:

1. Compensatory damages;
2. Statutory damages pursuant to 18 U.S.C. § 2707 and 18 U.S.C. §2520;
3. Attorneys' fees, costs, and litigation expenses pursuant to 18 U.S.C. § 2707 and 18 U.S.C. §2520;

4. Punitive damages pursuant to 18 U.S.C. § 2707, 18 U.S.C. §2520 and at Common Law; and

5. Any other relief this Court deems just and necessary.


Respectfully submitted,

/s/ Michael J. Connick
Michael J. Connick (0046624)
mconnick@connickvicklaw.com
Connick & Associates Co., L.P.A.
25550 Chagrin Boulevard, Suite 101
Beachwood, Ohio 44122
(216) 367-1150, Fax: (216) 378-1438

*Counsel for Plaintiff Holly L. Thacker, M.D.*

## JURY DEMAND

Plaintiff respectfully demands a jury on all issues that may be tried to a jury.

                        Respectfully submitted,

                        /s/ Michael J. Connick
                        Michael J. Connick (0046624)
                        mconnick@connickvicklaw.com
                        Connick & Associates Co., L.P.A.
                        25550 Chagrin Boulevard, Suite 101
                        Beachwood, Ohio 44122
                        (216) 367-1150, Fax: (216) 378-1438

                        *Counsel for Plaintiff Holly L. Thacker, M.D.*