IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Holly L. Thacker, M.D., | ) | CASE NO. 1:16 CV 2706 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| Cuyahoga Heights Board of Education, *et al.*, | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion to Disqualify Counsel. (ECF #38). Plaintiff Holly L. Thacker, M.D. requests that this Court disqualify all of the defendants' counsel–specifically, John S. Kluznik, Sr. and Warren M. Rosman of Weston Hurd, LLP ("Weston Hurd") counsel for Defendant Cuyahoga Heights Board of Education( the "Board"); John C. Albert of Crabbe, Brown and James ("Crabbe Brown"), counsel for Defendants Thomas Evans, Superintendent, Melynda Schuckert, and David Wallis, IT Director; and David S. Hirt, David Kane Smith, and Scott C. Peters of Smith Peters & Kalail ("SPK"), counsel for Joy Clickenger.[1] Plaintiff alleges that these lawyers and firms have actual or potential conflicts of interest stemming from their participation in two other lawsuits involving the Cuyahoga Heights Board of Education and some of the other defendants.

Specifically, there are three separate lawsuits, filed between August 25, 2016 and November 7, 2016, in which Board, the Plaintiff and some of the other Defendants are named

---

[1] Plaintiff apparently is not moving to disqualify counsel for Defendant Kathy A. Martin.

parties. The Board has liability insurance that provides coverage for the various defendants in the three separate lawsuits. The insurer, Liberty Mutual Insurance Company, retained legal counsel for each of the defendants in the three lawsuits.

The first lawsuit is *Joy Clickenger v. Holly Thacker, et al.*, filed in the Court of Common Pleas, Cuyahoga County, Case. No. CV-16-868177 (the "Clickenger Lawsuit"). Ms. Clickenger was the treasurer of the School District who resigned her position effective March 1, 2016. Her action against the Board and individual members of the Board of Education, including Plaintiff, challenges the circumstances of the termination of her employment. Liberty Mutual retained counsel for the defendants in the Clickenger lawsuit as follows:

--John Kluznik and Warren Rosman of Weston Hurd to represent the Board;

--John T. Mclandrich, Alix Noureddine and Cara Wright of Mazanec, Raskin & Ryder to represent Dr. Thacker.

The second lawsuit was filed on September 1, 2016, by Kathy Martin, a former accounts payable clerk for the School District, whose contract was not renewed. Ms. Martin filed an action against the Board and individual members of the Board including Dr. Thacker, James Lawrence and Timothy Oden challenging the circumstances of the termination of her employment. *Martin v. Cuyahoga Heights Board of Education, et al*, Case No. 1:16 CV 2449 (Judge Polster)(the "Martin Lawsuit"). Liberty Mutual retained counsel for the defendants in the Martin lawsuit as follows:

--Sean T. Koran, Matthew John Markling and Patrick S. Vrobel of McGown and Markling to represent the Board and the School District;

--John T. Mclandrich, Alix Noureddine and Cara Wright of Mazanec, Raskin & Ryder to

represent Dr. Thacker;

--John Kluznik and Warren Rosman of Weston Hurd to represent Board member Oden; and

–John C. Albert of Crabbe, Brown & James to represent Board member James Lawrence. The Martin lawsuit has settled. Dr. Thacker was dismissed without prejudice on March 31, 2016 and the rest of the lawsuit was dismissed with prejudice on April 6, 2017.

The last lawsuit is the instant action filed on November 7, 2016, by Dr. Thacker against the Board, the Superintendent Thomas Evans, Board member Melynda Schuckert, School District IT Director David Wallis, former treasurer Joy Clickenger, and Kathy Martin, former payroll clerk. Dr. Thacker alleges that individual Defendants Evans, Martin, Clickenger and Wallis participated in releasing emails that contained private and personal information regarding Dr. Thacker's then minor children, to the public in violation of certain federal statutes. Liberty Mutual retained counsel for the Defendants in this lawsuit as follows:

---John Kluznik and Warren Rosman of Weston Hurd to represent the Board;

--John C. Albert of Crabbe, Brown & James to represent Superintendent Thomas Evans, Board member Melynda Schuckert and IT Director David Wallis;

–David S. Hirt, David Kane Smith and Scott C. Peters of Smith, Peters and Kalail to represent former treasurer Joy Clickenger.

None of the lawyers or law firms at issue in this Motion were engaged to represent Dr. Thacker in either of the previous lawsuits. In both cases she was separately represented by John T. Mclandrich, Alix Noureddine and Cara Wright of Mazanec, Raskin & Ryder. Rather, Plaintiff asserts that the fact that some of the lawyers at issue here were retained to represent co-defendants

in the previous lawsuits presents a real or potential conflict that requires the disqualification of those lawyers and law firms. The Court held a status conference on April 6, 2017, at which Counsel presented oral argument on the Motion to Disqualify.

## **DISCUSSION**

Federal district courts have the power to disqualify an attorney from a case if necessary to preserve decorum and the respectability of the profession. *See Gordon v. Dadante*, 2009 WL 2732827 at *5, (N.D. Ohio Aug. 29, 2009) (collecting cases); *Nilavar v. Mercy Health Sys.*, 143 F.Supp.2d 909, 912 (S.D. Ohio 2001). In considering a motion to disqualify counsel, a court must "balance the interest of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation." *Hamrick v. Union Twnshp, Ohio*, 81 F.Supp2d 876, 878 (S.D. Ohio 2000)(citation omitted.) Recognizing that motions to disqualify may be filed to gain tactical advantage and impinge on a party's right to employ counsel of its choice, the moving party bears to burden of establishing the need for disqualification. *Nilavar*, 143 F.Supp.2d at 912.

To determine if this situation warrants disqualification of one or more of the lawyers or law firms involved, the Court first looks to Ohio Rule of Professional Conduct 1.7 which provides in relevant part:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
> (1) the representation of that client will be directly adverse to another current client;
> (2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

(Emphasis in original).

-4-

In addition, the Sixth Circuit has established the following test to determine if grounds for disqualification exist:

> 1. A prior attorney-client relationship must have existed between the party seeking disqualification and the attorney it seeks to disqualify;
>
> 2. The subject matter of the alleged prior and the present relationship must be substantially related; and
>
> 3. The attorney must have acquired confidential information from the party seeking disqualification.

*Dana Corp. V. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

The Court will consider the circumstances surrounding each law firm and lawyers separately to determine if disqualification is necessary under Rule 1.7 or the *Dana* test.

**1. Weston Hurd, John S. Kluznik, Sr. and Warren M. Rosman.**

Mr. Kluznik and Mr. Rosman represent the Board in this action and in the Clickenger action and represented Board member Oden in the Martin lawsuit. Rule 1.7 (a)(1) provides that a conflict of interest is created if a lawyer accepts representation of a client and that representation is directly adverse to another current client. In order for Rule 1.7(a)(1) to prevent representation of the Board by Weston Hurd, Mr. Kluznik and Mr. Rosman in this action, Dr. Thacker would have to be a current client of Weston Hurd, Mr. Kluznik and Mr. Rosman. Dr. Thacker is not a current client of either Mr. Kluznik or Mr. Rosman or of any other lawyer at Weston Hurd. Moreover, the fact that Mr. Kluznik and Mr. Rosman represent the School Board of which Dr. Thacker was a member does not carry representation over to Dr. Thacker. See Ohio Rule of Professional Conduct

1.13(a) which provides in relevant part that "[a] lawyer employed or retained by an organization owes allegiance to the organization and not to any constituent or other person connected with the organization... includ[ing]...its duly authorized officers, directors, trustees and employees."

Plaintiff has submitted no evidence that Dr. Thacker is now or has ever been a client of Mr. Kluznik, Mr. Rosman or of Weston Hurd. Weston Hurd submitted the affidavit of docket clerk Jason Lowbridge, who is in charge of conflict checks for Weston Hurd. Mr. Lowbridge asserts that he searched the firm's Legal Management System, which looks back to 1996, and determined that Weston Hurd has not represented Dr. Thacker. See ECF #44, Ex. C. As such, disqualification is not required under Rule 1.7 (a)(1).

Moving on to Rule 1.7(a)(2), the Court must consider whether there is a substantial risk that Mr. Kluznik and Mr. Rosman's ability to consider, recommend, or carry out an appropriate course of action for the Board will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests. As noted above, Dr. Thacker was not a client or former client of either attorney or the law firm, thus neither attorney or the firm had any responsibility to Dr. Thacker that would conflict with their representation of the Board. The only way that Rule 1.7(a)(2) could impact Mr. Kluznik or Mr. Rosman's representation of the Board in this matter is if Weston Hurd's representation of Board member Oden in the Martin lawsuit or of the Board in the Clickenger lawsuit would materially limit Mr. Kluznik and Mr. Rosman in their ability to represent the Board in this case or if Dr. Thacker is a "third person" to whom either attorney or the law firm had responsibilities to, and if so, whether those responsibilities conflict with representation of the Board against Dr. Thacker in this case.

In her motion to disqualify, Dr. Thacker argues that the defendants in both the Clickenger and Martin lawsuits had a joint defense agreement in which the defendants, while separately represented, agreed to work together within the attorney-client and other applicable privileges to further their common interests in the defense of litigation. See ECF #44, Ex.D. While there is no question that both Dr. Thacker and the Board were co-defendants in the Clickenger and Martin lawsuits, she makes no specific allegations that her position in either lawsuit was adverse to the Board's or to Board member Oden who was represented by Mr. Kluznik and Mr. Rosman in the Martin lawsuit or that Mr. Kluznik or Mr. Rosman learned any privileged or confidential information during those lawsuits that could be used against Dr. Thacker in this lawsuit. In any event, neither Mr. Kluznik or Mr. Rosman represented co-defendants in Clickenger or Martin or in this action–they always represented one client in each action. Dr. Thacker has always been separately represented. Plaintiff has made no showing that Mr. Kluznik's or Mr. Rosman's ability to represent the Board in this action would be "materially limited" by their responsibilities to Mr. Oden or herself.

Comment 15 to Prof. Con. R.1.7 defines a "material limitation" as follows:

> A 'material limitation' conflict exists when a lawyer represents co-plaintiffs or co-defendants in litigation and there is a substantial discrepancy in the clients' testimony, incompatible positions in relation to another party, potential cross-claims, or substantially different positions of settlement of the claims or liabilities in question.

While Mr. Kluznik and Mr. Rosman are not representing any co-defendants or co-plaintiffs in any of the actions, Plaintiff asserts that in a pre-trial with Judge Polster in the Martin case, "Mr. Kluznik, as counsel for the Board, was confrontational with Dr. Thacker because she would not engage in settlement discussions regarding all three of the lawsuits at the same time." (ECF #38 at

p. 12) Plaintiff offers no evidence of this alleged action by Mr. Kluznik, indeed Plaintiff has failed to submit any affidavit(s) in support of her motion. Moreover, this statement reflects Plaintiff's or her counsel's continuing misapprehension of the facts. Mr. Kluzik and Mr. Rosman did not attend a pre-trial in the Martin case as counsel for the Board. They were counsel for Board member Oden. The Board was separately represented at the pre-trial by their counsel Sean T. Koran, Matthew John Markling and Patrick S. Vrobel of McGown and Markling. Mr. Kluznik submitted the email exchanges between himself and Plaintiff's counsel Mr. Connick regarding the pre-trial before Judge Polster in the Martin lawsuit in his opposition to Plaintiff's Motion to Disqualify. (ECF #44, Ex. A) In the email, Mr. Kluznik advised Mr. Connick that his recitation of the facts of what took place in the pre-trial with Judge Polster was completely inaccurate. Mr. Kluznik informed Mr. Connick that neither he nor Mr. Rosman spoke for or to Dr. Thacker who was represented by her own counsel throughout the entire pre-trial. Mr. Kluznik noted that it was Judge Polster who raised the possibility of a global settlement of all three cases to which Plaintiff and her counsel objected. Mr. Kluznik informed Judge Polster that Dr. Thacker had raised a claim of conflict of interest regarding his representation of the Board in the Thacker lawsuit. He suggested to Judge Polster, on behalf of his client, Mr. Oden, and in front of all defense counsel and defendants, that they should explore settlement discussions for the Martin case only rather than try to lump together three cases with different issues, different parties and counsel, several of whom were not present.

Regardless of the email exchange Plaintiff continues to assert that the defense counsels' desire to resolve all three cases at the same time highlights the alleged conflict under Rule 1.7. There is no evidence that defense counsel sought a global settlement during the Martin pre-trial. The fact that Judge Polster raised the possibility of a global settlement which was declined by

Plaintiff and her counsel, and by Mr. Kluznik, does not constitute evidence of any conflict in violation of Rule 1.7.

Finally, Plaintiff submits the settlement agreement in the Martin lawsuit to claim that Mr. Kluznik and Mr. Rosman failed to protect Dr. Thacker's interest because she was the only defendant who was dismissed without prejudice. Again, this statement reflects Plaintiff's continuing refusal to accept the fact that Mr. Kluznik and Mr. Rosman did not represent her in the Martin lawsuit. Moreover, they did not represent the Board in that lawsuit. Their representation was limited to Board member Oden in the Martin lawsuit. Dr. Thacker was represented by John T. Mclandrich, Alix Noureddine and Cara Wright of Mazanec, Raskin & Ryder in both the Martin and Clickenger lawsuits. The releases Dr. Thacker signed or did not sign in the Martin lawsuit was the result of decisions made solely by Dr. Thacker and her counsel. Plaintiff has failed to submit any evidence that there is an actual or potential conflict of interest that would impede Mr. Kluznik and Mr. Rosman and Weston Hurd from representing the Board in the Thacker lawsuit, much less any evidence establishing a conflict in violation of Rule 1.7 that would require disqualification.

Examination of the three part *Dana* test also demonstrates that disqualification of Mr. Kluznik, Mr. Rosman and Weston Hurd is unnecessary because Plaintiff has failed to show that she ever had an attorney client relationship with Mr. Kluznik or Mr. Rosman or with Weston Hurd; the subject matters of Clickenger and Martin (termination disputes) are not substantially similar to Dr. Thacker's claims here; and she has failed to assert, much less support with admissible evidence, that Mr. Kluznik or Mr. Rosman or Weston Hurd acquired confidential information from Dr. Thacker.

**2. John C. Albert of Crabbe, Brown & James**

John C. Albert of Crabbe, Brown & James represents Superintendent Thomas Evans, Board member Melynda Schuckert and IT Director David Wallis in the Thacker lawsuit. They represented Board member James Lawrence in the Martin lawsuit and are not involved in the Clickenger lawsuit. There is no evidence that Mr. Albert and Crabbe, Brown have ever represented Dr. Thacker or the Board or the School District. Nevertheless, in her Motion to Disqualify Plaintiff asserts that Mr. Albert and Crabbe Brown are counsel for the Board and the School District in the Martin lawsuit and could not depose Dr. Thacker in this lawsuit while defending the Board in the Martin lawsuit. Plaintiff's factual assertions here are even less correct, if possible, than the allegations made against Weston Hurd. There is simply no admissible evidence supporting any of Plaintiff's "factual" pronouncements. Moreover, most of these "facts" are demonstrably inaccurate. Plaintiff makes no allegation, much less provides any evidence that Crabbe Brown ever represented Dr. Thacker or had any conversations with her involving any information relevant to this lawsuit. Further, there is no evidence that Crabbe Brown ever represented the Board or the School District, much less that any such non-existent representation carried over to Plaintiff in any of the lawsuits at issue. Finally, Plaintiff has provided no evidence that Crabbe Brown has a substantial risk of not being able to consider, recommend, or carry out an appropriate course of action for Defendants Superintendent Evans, Board member Schuckert and IT director Wallis in this case because of responsibilities to Board member Lawrence in the Martin lawsuit. This is especially true since the Martin lawsuit is now completed and former Board member Lawrence is not a defendant in the Thacker lawsuit. There is simply no evidence of "dual representation" here and no evidence to support any actual or potential conflict of interest in violation of Rule 1.7 that would require disqualification of Mr. Albert or Crabbe Brown.

Similarly, disqualification is not warranted under the Dana test as Plaintiff has failed to establish any of the three elements.

### 3. David S. Hirt, David Kane Smith and Scott C. Peters of Smith, Peters and Kalail

David Hirt, David Kane Smith and Scott Peters of SPK represent Defendant Joy Clickenger in this lawsuit. They did not represent any of the parties in the Clickenger or Martin lawsuits. Plaintiff makes absolutely no allegations against Mr. Hirt, Mr. Smith, Mr. Peters or the SPK law firm in her Motion to Disqualify. The only mention of SPK comes in Plaintiff's reply brief where she alleges, again without any evidentiary support, that SPK is the School District's and Board's general counsel and worked directly with other counsel for the Board to resolve the Martin lawsuit. She further alleges that SPK left Dr. Thacker, one of its Board members, unprotected in the Release. Even if Plaintiff's allegation is true that SPK is the Board or School District's general counsel, they did not represent Dr. Thacker in the Martin lawsuit. Dr. Thacker was represented by her own counsel, who are also representing her in the Clickenger lawsuit. As was discussed above, a lawyer hired by an organization owes allegiance to that organization and not necessarily its constituent members- including individual board members. This dichotomy was recognized in the assignment of separate counsel to board members in these lawsuits. If Dr. Thacker was left "unprotected" in the Release in the Martin lawsuit, it was the result of a decision made solely by Dr. Thacker and her counsel.[2]

In any event, SPK denies that it "indirectly" participated in obtaining the Release in Martin

---

[2]

Plaintiff does not assert that the representation provided to her by John T. Mclandrich, Alix Noureddine and Cara Wright of Mazanec, Raskin & Ryder in the Martin lawsuit was deficient in any way. To the Court's knowledge, Dr. Thacker is satisfied with their representation of her in the Clickenger lawsuit.

-11-

and asserts that it is not general counsel to the Board. The firm submitted the affidavit of David K. Smith in support of its position. Mr. Smith testifies that SPK is one of five law firms the Board authorized the superintendent and treasurer to use in 2015 and 2016, but that the Board did not authorize use of SPK in 2017. He further states that SPK attorneys last performed legal services for the Board in April of 2015. Mr. Smith asserts that SPK does not and has not served as the Board's general counsel. Finally, he asserts that SPK attorneys were not involved in any way in the Martin lawsuit and did not participate in the preparation, drafting, negotiation or completion of the Release.(Smith Aff. ECF #53, Ex. 1) Plaintiff offers no evidence to show any actual or potential conflict of interest between Plaintiff and SPK and its attorneys in violation of Rule 1.7 requiring their disqualification from this action. Similarly, Plaintiff has failed to demonstrate any of the three elements of the *Dana* test.

## CONCLUSION

Plaintiff's Motion to Disqualify all defense counsel except counsel for Defendant Kathy Martin is woefully deficient in any admissible evidentiary support. Moreover, most of her factual allegations have been shown to be incorrect. Nevertheless, Plaintiff and her counsel press on with their effort to disqualify three law firms and their attorneys stating that it is a simple solution for Liberty Mutual to appoint different law firms from their panel. The fact that new lawyers may be available to be appointed does not justify disqualification of parties' existing counsel where there is no evidence of an actual or potential conflict of interest. Plaintiff rejects Defendants' contention that her Motion to Disqualify Counsel is a litigation tactic – asserting instead the circular argument that it is the defense attorneys that she is seeking to disqualify that are litigating the issue. For the

reasons set forth above, Plaintiff's Motion to Disqualify Defense Counsel (ECF #38) is denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 27, 2017